[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de MOTION FOR ORDER RE: PHONE CONTACT, POSTJUDGMENT (#130)
The attorney appointed to represent the twelve year old son of the parties has brought this motion on for hearing since the daily telephone calls between the father and the boy have created issues between the boy's mother and her present husband as well as between the boy and his stepfather.
Both parties agree that a close nurturing relationship with the boy enjoyed by each parent should not be disrupted. On the other hand, since the boy's home is with his mother, her present husband and their two year old child, some rules regarding use of CT Page 2819 the telephone need to be ordered. This court conducted a hearing on March 4, 1998 at which time each party was allowed to describe the issues from each party's viewpoint.
There is one telephone installed in the mother's home. The father has made a practice of calling his son on a daily basis, frequently for periods of 30 to 60 minutes. In order to reduce the inconvenience occasioned thereby for others wishing to reach the mother or her husband by telephone a "call waiting" feature has been installed. The father and the boy have respected the signal and have ended their call to allow the waiting call to be received.
The mother complains that the father does not support her efforts to set time limits on the calls. The court concludes that this is generally true. However, such time limits may have an appearance of being arbitrary.
Unfortunately, the father and the stepfather are not on good terms. The court cannot address the issue for the latter is not subject to this court's jurisdiction. He commutes, leaving the home before 6:00 a.m., returning about 4:45 p. m., and retiring between 9:00 p. m. and 9:30 p. m.
The son takes a piano lesson on Wednesday evenings and is out of the house from 5:00 p. m. to at least 8:00 p. m. His mother takes him to each lesson. She is also out on Monday, Tuesday, and Thursday evenings for various reasons.
The following orders are entered.
 1. The father may continue to call as has been his pattern provided the phone is given up to "call waiting" or at the request of the mother or her husband.
 2. Calls shall not interfere with family meals or family activities.
 3. If time limitations on calls are imposed without a reason or are unacceptable to the father, then installing a second line at his expense in order to continue the daily talks will be considered by the court at a future hearing.
Although not an issue raised by this motion, the father's CT Page 2820 support of the mother's reasonable house rules, e.g. chores, appears to be in order.
So ordered.
HARRIGAN, J.